UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **WENDALL MOYE,**<br>10809 Georgia Avenue, Apt. 202<br>Silver Springs, MD 20902<br><br>*Plaintiff,*<br><br>v.<br><br>**PRAMUKH SWAMI MANAGEMENT LLC d/b/a PRESIDENT INN,**<br>1600 New York Avenue N.E.<br>Washington D.C., 20002<br><br>**Serve on:**<br>Bhupendra M. Patel<br>6423 Morning Time Lane<br>Clarksville, Maryland 21029<br><br>*Defendant.* | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

### SUMMARY OF ALLEGATIONS

1. This is a Fair Labor Standards Act ("FLSA") case. Defendant Pramukh Swami Management LLC d/b/a President Inn ("President Inn") did not compensate Plaintiff Wendall Moye ("Moye") for all hours he worked and did not pay him at one-and-one-half times his hourly rate of pay for all hours worked in excess of forty hours per week. As a result, President Inn knowingly, willfully, and intentionally violated the FLSA and the laws of the District of Columbia. *See* 29 U.S.C. §§ 207 *et seq.*; D.C. CODE § 32-1003. Moye therefore brings this action to recover unpaid wages and overtime pay, liquated damages, and attorneys' fees.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has jurisdiction over the claims for relief under the laws of the District of Columbia pursuant to 28 U.S.C. § 1367.

3. President Inn operates a hotel in the District of Columbia. As President Inn's principal place of business is in this District, it is subject to the personal jurisdiction in this District.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because President Inn is subject to personal jurisdiction in this District. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

5. President Inn is engaged in interstate commerce as it operates and manages a hotel in this District.

## THE PARTIES

6. Defendant Pramukh Swami Management LLC d/b/a President Inn operates the President Inn Hotel at 1600 New York Avenue N.E., Washington D.C., 20002. Washington D.C. is its principal place of business. Pramukh Swami Management LLC d/b/a President Inn can be served on its registered agent Bhupendra M. Patel, at 6423 Morning Time Lane, Clarksville, Maryland 21029, or any place else he may be found.

7. Plaintiff Wendell Moye is a resident of the state of Maryland. He was employed at President Inn as a Night Auditor. Plaintiff's job responsibilities included manning the front desk of the hotel, checking guests in and out, and balancing the receipts and credit card transaction that occurred that day. Plaintiff's consent to this action is attached as Exhibit A.

## COVERAGE

8. At all times hereinafter mentioned, President Inn has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, President Inn has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, President Inn has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Moye was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

12. Plaintiff was employed within the District of Columbia in that he regularly spent more than 50% of his working time in the District of Columbia; or his employment was based in the District of Columbia and he regularly spent a substantial amount of his working time in the District of Columbia and not more than 50% of his working time in any particular state.

## ALLEGATIONS OF THE PLAINTIFF

13. Plaintiff Moye incorporates by reference all the allegations raised in the prior paragraphs.

3

14. President Inn operated and managed the President Inn Hotel in Washington, D.C. President Inn employed Moye as a Night Auditor.

15. Moye was a full time, nonexempt employee of President Inn and was paid a regularly hourly rate.

16. Moye's job duties as the night auditor were to man the front desk of the hotel, check guests in and out of their rooms, and balance the receipts and credit card transaction that occurred that day.

17. Moye regularly worked more than 40 hours per week while employed by President's Inn.

18. President Inn required Moye to perform work for which he was not compensated. In particular, Moye was required to attend several company meetings and Moye was not compensated for the amount of time he spent as these meetings.

19. Furthermore, when it did compensate Moye for his time, President Inn always paid Moye at no more than his regular hourly rate. This was true even when he worked more than 40 hours in a given week. Thus, President Inn failed to pay Moye at one-and-one-half times his regular hourly rate for all hours worked in excess of 40 hours per week as required by law.

20. These employment practices and compensation policies constitute willful, knowing, and intentional violations of the FLSA and the laws of the District of Columbia.

### CAUSES OF ACTION

21. Plaintiff Moye incorporates by reference all the allegations raised in the prior paragraphs.

22. President Inn's failure to pay Moye overtime wages at one-and-one-half times his regular rate of pay was in violation of the FLSA. 29 U.S.C. § 207. Accordingly, Moye is

entitled to his unpaid overtime in an amount equal to one-half times his regular rate of pay for each hour over forty hours per week.

23. President Inn's failure to pay Moye for all the time worked was in violation of the FLSA. 29 U.S.C. § 206(a)(1). Accordingly, Moye is entitled to his unpaid time in an amount equal to his regular rate of pay for all hours worked that do not exceed forty hours per week and an amount equal to one-and-one-half times his regular rate of pay for all time worked over forty hours in a work week.

24. Additionally, Moye is entitled to an equal amount to all of his unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by the FLSA. 29 U.S.C. § 216(b).

25. President Inn's failure to pay Moye overtime wages at one-and-one-half times his regular rate of pay was in violation of the laws of the District of Columbia. D.C. CODE § 32-1003(c). Accordingly, Moye is entitled to his unpaid overtime in an amount equal to one-half times his regular rate of pay for each hour over forty hours per week. *Id.* § 32-1012(a).

26. President Inn's failure to pay Moye for all the time worked was in violation of the laws of the District of Columbia. *Id.* § 32-1003(d). Accordingly, Moye is entitled to his unpaid time in an amount equal to his regular rate of pay for all hours worked that do not exceed forty hours per week and an amount equal to one-and-one-half times his regular rate of pay for all time worked over forty hours in a work week. *Id.* § 32-1012(a).

27. Additionally, Moye is entitled to an equal amount to all his unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by the laws of the District of Columbia. *Id.* § 32-1012(a), (c).

5

CLAIMS FOR RELIEF

WHEREFORE, Plaintiff Moye respectfully requests that the Court:

a. determine the damages sustained by Plaintiff Moye as a result of President Inn's willful and intentional violations of 29 U.S.C § 207(a), and award such back pay against President Inn in favor of Plaintiff Moye, plus an additional equal amount as liquated damages pursuant to 29 U.S.C. § 216(b), plus such pre-judgment interest as may be allowed by law;

b. determine the earnings lost by Plaintiff Moye as a result of President Inn's willful and intentional violations of D.C. Code § 32-1003, and award all appropriate and statutory damages and penalties resultant therefrom to Moye;

c. award Plaintiff Moye his attorneys' fees and costs and disbursements of this suit, including, without limitation, reasonable accountants', investigators', and experts' fees; and

d. grant Plaintiff Moye such other and further relief, including, without limitations, injunctive relief were appropriate, as the Court may deem just and proper or that is allowed under any federal law or District of Columbia law violated by President Inn's conduct described herein.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

Respectfully submitted,

_____
Steven A. Luxton
D.C. Federal Bar No. 470468
EDWARDS BURNS & KRIDER LLP
201 North Charles Street, Suite 1402
Baltimore, Maryland 21201
410.454.0012
410.454.0146 (facsimile)

ATTORNEYS FOR PLAINTIFF MOYE

6

OF COUNSEL:

Brady Edwards
Sandra Thourot Krider
Patrick K.A. Elkins
EDWARDS BURNS & KRIDER LLP
1000 Louisiana, Suite 1300
Houston, Texas 77002
713.339.3233
713.339.2233 (facsimile)

Rex Burch
BRUCKNER BURCH PLLC
5847 San Felipe, Suite 3900
Houston, Texas 77057
713.877.8788
713.877.8065 (facsimile)

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current/former employer, **PRESIDENT INN**. I have been provided with a copy of the Professional Services Agreement with Edwards, Burns & Krider, L.L.P. and agree to be bound by its terms.

_Wendell Moye'_
Signature

_1/27/06_
Date

_Wendell Moye'_
Printed Name

**EXHIBIT A**

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| WENDALL MOYE | PRAMUKH SWAMI MANAGEMENT LLC d/b/a PRESIDENT INN |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __88888__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __11001__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Steven A. Luxton
Edwards Burns & Krider LLP
201 N. Charles Street, Suite 1402
Baltimore, Maryland 21201
410.454.0012
410.454.0146 (facsimile)

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)       OR       ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⦿ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

This case is filed pursuant to 29 U.S.C. §§ 206 & 207 for failure to pay employees for all hours worked and one and half times their regular rate of pay

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☐  If yes, please complete related case form.

DATE 3/14/06   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed *only* if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

WENDALL MOYE

**SUMMONS IN A CIVIL CASE**

V.

PRAMUKH SWAMI MANAGEMENT LLC
d/b/a PRESIDENT INN

CASE NUMBER:

TO: (Name and address of Defendant)

PRAMUKH SWAMI MANAGEMENT LLC d/b/a PRESIDENT
INN via its Registered Agent
Bhupendra M. Patel
6423 Morning Time Lane
Clarksville, Maryland 21029

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Steven A. Luxton
EDWARDS BURNS & KRIDER LLP
201 North Charles Street, Suite 1402
Baltimore, Maryland 21201
410.454.0012
410.454.0146 (facsimile)

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                                            DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me⁽¹⁾ | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
　　Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

### DECLARATION OF SERVER

　　I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____　_____
　　　　　　　　　Date　　　　　　　　　Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.