IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WENDALL MOYE | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 1:06CV00509 |
| PRAMUKH SWAMI MANAGEMENT, LLC, d/b/a PRESIDENT INN | * | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO ORIGINAL COMPLAINT

Defendant, Pramukh Swami Management, LLC d/b/a President Inn, by Timothy M. Monahan, Howard K. Kurman and Offit Kurman, P.A., its attorneys, answers the Original Complaint filed by Wendell Moye, and states as follows:

### SUMMARY OF ALLEGATIONS

1. Defendant states that the statements made in paragraph 1 of the Original Complaint constitute legal conclusions to which Defendant is not obligated to respond. To the extent that Defendant is obligated to respond, it denies the allegations contained in paragraph number 1 of the Complaint.

### JURISDICTION AND VENUE

2. The statements made in paragraph 2 of the Original Complaint constitute a legal conclusion to which Defendant is not obligated to respond. To the extent that Defendant is obligated to respond, Defendant denies the allegations contained in paragraph number 2 of the Complaint.

3. Defendant admits that it operates a hotel in the District of Columbia and its principal place of business is in the District of Columbia. The remaining statement made in paragraph 3 of the Original Complaint constitutes a legal conclusion to which Defendant is not obligated to respond. To the extent that Defendant is obligated to respond, Defendant denies the remaining statement in paragraph number 3 of the Original Complaint.

4. Defendant states that the statements made in paragraph 4 of the Original Complaint constitute legal conclusions to which Defendant is not obligated to respond. To the extent that Defendant is obligated to respond, it denies the allegations contained in paragraph number 4 of the Original Complaint.

5. Defendant admits the allegations in paragraph number 5 of the Original Complaint.

**THE PARTIES**

6. Defendant admits that it operates the President Inn Hotel at 1600 New York Avenue, N.E., Washington, D.C. 20002 and that Washington, D.C. is its principal place of business. In further answering, Defendant states that Bhupendra M. Patel is the registered agent of Defendant. Defendant denies the remaining allegations in paragraph 6 of the Original Complaint.

7. Defendant states that it is without sufficient knowledge or information to either admit or deny where Plaintiff resides. Defendant states that it employed Plaintiff at President Inn as a front desk agent/auditor and Plaintiff's general job responsibilities are accurately outlined in paragraph 7 of the Original Complaint. In further answering, Defendant states that Plaintiff's consent attached to the Original Complaint as Exhibit A speaks for itself. Defendant denies the remaining allegation in paragraph 7 of the Original Complaint.

**COVERAGE**

8. Defendant admits the allegations in paragraph 8 of the Original Complaint.

9. Defendant states that the statements made in paragraph 9 of the Original Complaint constitute legal conclusions to which Defendant is not obligated to respond. To the extent that Defendant is obligated to respond, it denies the allegations contained in paragraph number 9 of the Original Complaint.

10. Defendant states that the statements made in paragraph 10 of the Original Complaint constitute legal conclusions to which Defendant is not obligated to respond. To the extent that Defendant is obligated to respond, it denies the allegations contained in paragraph number 10 of the Original Complaint.

11. Defendant admits the allegations in paragraph 11 of the Original Complaint.

12. Defendant admits that Plaintiff was employed by Defendant in the District of Columbia. In further answering, Defendant states that it is without sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 12 of the Original Complaint and therefore denies the remaining allegations.

**ALLEGATIONS OF THE PLAINTIFF**

13. Defendant incorporates herein as if stated in their entirety all of its answers to paragraphs 1 through 12 above.

14. Defendant admits that it operated and managed the President Inn Hotel in Washington, D.C. and employed Plaintiff as a front desk agent/auditor. Defendant denies the remaining allegations contained in paragraph 14 of the Original Complaint.

15. Defendant admits that beginning August 1, 2005, Plaintiff was a nonexempt employee of President Inn and was paid a regular hourly rate. Defendant denies the remaining allegations contained in paragraph 15 of the Original Complaint.

16. Defendant admits that Plaintiff's job duties were, among other things, to man the front desk of the hotel, check guests in and out of their rooms, and balance the receipts and credit card transactions that occurred daily. Defendant denies the remaining allegations contained in paragraph 16 of the Original Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Original Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Original Complaint.

19. Defendant admits that it always paid Plaintiff for all hours worked. In further answering, Defendant states that on two isolated occasions a payroll error occurred and Plaintiff was not paid time and one half for hours worked over 40 in a single workweek. At no time, during his employment or prior to the Plaintiff filing this Original Complaint however, was this error ever brought to the attention of Defendant. Defendant denies the remaining allegations contained in paragraph 19 of the Original Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Original Complaint.

**CAUSES OF ACTION**

21. Defendant incorporates herein as if stated in their entirety all of its answers to paragraphs 1 through 20 above.

22. Defendant admits that Plaintiff would be entitled to any unpaid overtime in an amount equal to one-half times his regular rate of pay for each hour over forty hours per week that he worked. Defendant denies the remaining allegations contained in paragraph 22 of the Original Complaint.

23. Defendant admits that Plaintiff would be entitled to any unpaid time worked over forty hours in a work week in an amount equal to one-and-one-half times his regular rate of pay. Defendant denies the remaining allegations contained in paragraph 23 of the Original Complaint.

24. Defendant denies the allegations made in paragraph 24 of the Original Complaint.

25. Defendant admits that Plaintiff would be entitled to any unpaid overtime in an amount equal to one-half times his regular rate of pay for each hour over forty hours per week that he worked. Defendant denies the remaining allegations contained in paragraph 25 of the Original Complaint.

26. Defendant admits that Plaintiff would be entitled to any unpaid overtime in an amount equal to one-half times his regular rate of pay for each hour over forty hours per week that he worked. Defendant denies the remaining allegations contained in paragraph 26 of the Original Complaint.

27. Defendant denies the allegations made in paragraph 27 of the Original Complaint.

**CLAIMS FOR RELIEF**

28. Defendant denies that Plaintiff is entitled to any claims for relief as outlined in the last section of his Original Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

29. The plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a claim against Chimes upon which relief can be granted.

### Second Affirmative Defense

30. Defendant did not engage in any willful or intentional violation against Plaintiff; its actions, if any, were undertaken in good faith and at all times were reasonable.

### Third Affirmative Defense

31. Any recovery on Plaintiff's Complaint is barred by the doctrine of laches; waiver; and estoppel.

### Fourth Affirmative Defense

32. Plaintiff is barred from recovering liquidated damages, attorneys' fees, accountants' fees, investigators' fees, experts' fees, costs, back pay, pre-judgment interest and any other statutory damages because, even if monies are owed to Plaintiff, there has existed and does exist a bona fide dispute between Plaintiff and Defendant concerning monies allegedly due him.

### Fifth Affirmative Defense

33. Plaintiff is barred from any recovery by bringing this Original Complaint without clean hands.

### Sixth Affirmative Defense

34. Plaintiff failed to exhaust the administrative remedies available to him in advance of filing the Original Complaint.

### Seventh Affirmative Defense

35. Plaintiff's alleged damages are speculative and thus unavailable as a matter of law.

### Eighth Affirmative Defense

36. Plaintiff quit his employment with Defendant without notice after he failed to report to work or contact his employer giving a reason for his actions.

### Ninth Affirmative Defense

37. At no time either during or after his employment with Defendant did Plaintiff contact Defendant or any representative of Defendant to address the concerns alleged in this Complaint regarding wages received.

### Tenth Affirmative Defense

38. Defendant reserves its right to amend or add additional affirmative defenses as they may become known.

WHEREFORE, Defendant prays as follows:

1. For judgment for Defendant and dismissal of the Complaint with prejudice;

2. For costs of suit;

3. It be awarded its reasonable attorneys fees; and

4. Such other and further relief as the Court may deem appropriate.

[Signatures on following page]

/s/
_____
Timothy M. Monahan
D.C. Bar No. 451831
Howard K. Kurman
Offit Kurman, P.A.
8 Park Center Court, Suite 200
Owings Mills, Maryland 21117
(443) 738-1500 (office)
(443) 738-1535 (facsimile)
tmonahan@offitkurman.com
hkurman@offitkurman.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2006, a copy of the foregoing Answer to Complaint was sent via first class mail, postage prepaid to: Steven A. Luxton, Edwards, Esquire, Burns & Krider, LLP, 201 North Charles Street, Suite 1402, Baltimore, Maryland 21201, sluxton@ebkllp.com, Counsel for Plaintiff.

/s/
_____
Timothy M. Monahan

I:\10\100846\001\85\Answer.doc